**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

JUNQU LU,

Petitioner,

v.

WARDEN, *et al.*,

Respondents.

No. ED CV 26-4582-DMG(E)

ORDER ACCEPTING FINDINGS, CONCLUSIONS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE

Pursuant to 28 U.S.C. section 636, the Court has reviewed the Petition, all of the records herein and the Report and Recommendation ("R&R") of United States Magistrate Judge. Petitioner filed objections to the R&R on September 9, 2026 [Doc. # 16] and September 17, 2026 [Doc. # 17].[1] The Court has engaged in a *de novo* review of those portions of the R&R to which any objections have been made.

Petitioner seeks review of the R&R's conclusion that immediate release is not appropriate on the facts of the case. As Petitioner notes, the R&R recognized "that a noncitizen who has not previously been detained may develop a constitutionally protected liberty interest in remaining at liberty." 9/9 Obj. at 2. The R&R noted that Petitioner is a 21-year-old native and citizen of the Peoples Republic of China who entered the United States on

[1] In his September 17, 2026 objection, Petitioner requests that the bond hearing be set for September 24, 2026 at 1:00 p.m., when he had a master calendar hearing scheduled. Due to the timing the Court received the R&R for consideration, and Petitioner's objections thereto, this request is moot.

January 2, 2026, filed an application for asylum and June 20, 2026, and no longer had authorization to stay in the United States as of July 1, 2026. R&R at 2. He was taken into custody on August 3, 2026. *Id.*

The R&R reasoned that in this case, a post-deprivation hearing satisfied due process because to accept Petitioner's arguments otherwise would result in—

> a ruling that the Government may never take into custody without a pre-detention hearing any alien whose presence in the United States is unauthorized, regardless of the brevity of the alien's presence herein, regardless of the recency of the alien's unauthorized status[,] and regardless of clarity of the alien's lack of authorization to remain.

R&R at 5.

The Court is not adopting a blanket rule that the brevity of one's stay or recency of the expiration of one's lawful status in the United States always justifies such an outcome. Nevertheless, the liberty interest that developed on these facts was not nearly as strong as in other cases. Petitioner's case differs from many others in that he was not previously detained and released, creating an implicit promise of liberty absent a violation of the conditions of release. As other judges in this District have reasoned, because "Petitioner, it seems, had received no such 'implicit promise' or other assurance, his claim to a protected interest in remaining at liberty was more tenuous." *Jeison Enrique Herrera Rivas v. Fereti Semaia*, No. ED CV 26-5114-AS, 2026 WL 2807051, at *3 (C.D. Cal. Sept. 18, 2026). Nor did Petitioner have a lengthy stay in the United States during which a strong liberty interest in his freedom would arise, even if he had not been released previously.

The Magistrate Judge's observation that the August 3, 2026 biometrics appointment at which the Government took Petitioner into custody could well have been the first opportunity to detain Petitioner is appropriate. Given that the detention occurred approximately one month after Petitioner's status became unlawful and that there are no other appointments during that one month discussed in the record, common sense dictates that this "may well" have been the first opportunity to detain Petitioner. *See* R&R at 4. This is relevant because, "an alien almost assuredly has a constitutionally protected liberty interest when the immigration authorities at some point in time made a decision not to detain the alien but to permit the alien to remain at liberty." *Jose Martin Hernandez Castanon v. Mark Bowen*, *et al.*,

No. ED CV 26-5362-E, 2026 WL 2866470, at *2 (C.D. Cal. Sept. 23, 2026). At least one court, in assessing whether a liberty interest existed, distinguished between visa overstays "who had never been granted any form of parole," who, the court found, had "no such conditional liberty interest," from those who had been "released on parole." *Jesus v. Santacruz*, 2026 WL 1947628 (C.D. Cal. July 2, 2026) (dismissing petition, though noting that, although "due process might not require a pre-deprivation hearing," the petitioner may still be "entitled to a [post-detention] bond hearing.").

The Court further finds that the second *Mathews*[2] factor—the risk of erroneous deprivation of this minimal liberty interest through the procedures used—also weighs in Petitioner's favor. The Court recognizes that "the risk of an erroneous deprivation [of liberty] is high where, as here, [the petitioner] has not received any bond or custody redetermination hearing." *J.A.E.M. v. Wofford*, 812 F. Supp. 3d 1058, 1070 (E.D. Cal. 2025) (internal citation and quotation marks omitted). With respect to the remaining *Mathews* factor, while the Government has a strong interest in enforcing its laws (as Petitioner notes in the objections), the Government has a low interest in re-detaining Petitioner without notice and a hearing, which create minimal burdens.

The Court turns to the appropriate remedy on these facts. The Court concurs with the R&R that a post-deprivation hearing is proper. *Accord Rivas*, No. ED CV 26-5114-AS, 2026 WL 2807051, at *4.

"Due process is flexible and calls for such procedural protections as the particular situation demands." *United States v. Rivera-Valdes*, 157 F.4th 978, 991 (9th Cir. 2025) (quoting *Morrissey v. Brewer*, 408 U.S. 471, 481 (1972)). Petitioner argues that a post-deprivation hearing cannot be an adequate remedy where his detention violated due process *ab initio*. But the case that Petitioner relies upon involves a far stronger liberty interest. In that case, the petitioner had been in the United States for more than two years and repeatedly appeared for appointments and interviews regarding her applications to be lawfully present, at which she was not detained. The Court recognized that a "substantial liberty interest in

---

[2] *Mathews v. Eldridge*, 424 U.S. 319, 333 (1976).

circumstances where noncitizens commenced immigration proceedings, and the government chose not to detain them." Order at 10, *Zhou v. Janecka*, ED CV 26-4167-DTB (C.D. Cal. Aug. 14, 2026). Here, the limited liberty interest of which Petitioner was deprived justifies a post-deprivation hearing as the appropriate remedy. Indeed, the R&R cites a number of cases to this effect, and counsel does not meaningfully grapple with the reasoning of those decisions. *See* R&R at 4–5.

Accordingly, IT IS ORDERED that: (1) the Report and Recommendation is accepted and adopted; and (2) Judgment shall be entered granting the Petition in part and ordering Respondents to provide Petitioner (A# 236-920-032) with an opportunity for a prompt bond hearing before an immigration judge at which the burden will be on the Government to justify Petitioner's detention through proof by clear and convincing evidence that Petitioner is an unacceptable danger or an unacceptable risk of flight. If a compliant bond hearing does not occur within seven days of this Order, Respondents shall immediately release Petitioner.

Respondents shall file a status report regarding compliance with this Order within ten days of the Order.

IT IS FURTHER ORDERED that the Clerk serve forthwith a copy of this Order, the Magistrate Judge's Report and Recommendation and the Judgment herein on all counsel of record.

LET JUDGMENT BE ENTERED ACCORDINGLY.

DATED: September 24, 2026

Dolly M. Gee

DOLLY M. GEE
CHIEF U.S. DISTRICT JUDGE